

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2004 JUN 15 PM 3: 44

| | | |
|---|---|---|
| REV. MILLARD LLOYD HARDY, | : | Case No.: C-1-01-782 |
| Plaintiff, | : | Judge Dlott<br>Magistrate Hogan |
| vs. | : | |
| RYAN WESSELING, et al., | : | **PROPOSED FINAL PRETRIAL ORDER** |
| Defendants. | : | |

This action cam before the Court at a final pretrial conference on June 15th

2004, at __2__ a.m./p.m., pursuant to Rule 16, Federal Rules of Civil Procedure.

I.    **APPEARANCES**:

For Plaintiff:    Fanon A. Rucker    (0066880)
Santen & Hughes
312 Walnut Street, Suite 3100
Cincinnati, Ohio 45202

For Defendants:   Thomas J. Harris    (0065946)
Nicole D. Quick    (0065224)
City of Cincinnati
801 Plum Street, Suite 226
Cincinnati, Ohio 45202

Donald E. Hardin    (0022095)
Hardin, Lefton, Lazarus & Marks, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202

II.    **NATURE OF ACTION AND JURISDICTION**:

A. This is an action for the alleged violation of civil rights.
B. The jurisdiction of the Court is invoked under Title 42, United States Code 1983.
C. The jurisdiction of the Court is not disputed.

III.  **TRIAL INFORMATION**:

    A. The estimated length of trial is three days.
    B. Trial to a jury has been set for July 12, 2004, pursuant to the Scheduling Order (Doc. 29).

IV.  **AGREED STATEMENTS AND LISTS**:

    A. General Nature of the Claims of the Parties

        1. Plaintiffs Claims: Defendants unlawfully arrested and prosecuted Plaintiff for an incident that was a civil issue. Neither officer observed any offense for which Plaintiff could have been, or should have been arrested. In Court, the judge dismissed the charge. There is a suggestion that Plaintiff's race was a motivating factor behind the unlawful arrest.

           Special Damages: $500.00 – attorney's fees to defend against the criminal charge.

        2. Defendants' Claims: Defendant police officers personally observed Plaintiff engage in conduct amounting to criminal damaging, i.e. striking and damaging an automobile. Defendants' supervisor instructed them that they could file a criminal charge against Plaintiff since they had witnessed the criminal act. Defendants had probable cause to arrest the Plaintiff.

    B. Uncontroverted Facts

    The following facts are established by admissions in the pleadings or by stipulations of counsel:

        1. On September 20, 2000, Lloyd Hardy was on Seventh Street in Cincinnati, Hamilton County, Ohio, walking to work.
        2. Lloyd Hardy worked at City Hall.
        3. Lloyd Hardy was walking westbound on Seventh Street.
        4. Seventh Street is a one-way eastbound street
        5. On Seventh Street, there is a parking garage entrance.
        6. That entrance does not allow cars to exit onto Seventh Street.
        7. As Hardy neared the entrance to the garage, a car was at the entrance to the garage.
        8. A portion of the car was sticking out of the garage.
        9. As Hardy was about to pass the car that was sticking out of the garage, the car suddenly backed up.

10. Hardy continued westbound on Seventh Street.
11. The defendant officers' names are Robert Kidd and Ryan Wesseling.
12. The officers were on Seventh Street to respond to a burglar alarm.
13. Kidd drove Hardy to jail.
14. The owner of the car, Lawrence Metzler, never told any officer he wanted Hardy to go to jail.
15. Kidd signed the criminal complaint.
16. Hardy was charged with criminal damaging, a second degree misdemeanor for damaging Metzler's car.
17. Hardy hired an attorney to defend against the criminal charge.
18. Hardy paid $500.00 in attorney fees.
19. The trial judge dismissed the charge under Criminal Rule 29.
20. A judgment of acquittal may be ordered under Criminal Rule 29, if the evidence is insufficient to sustain a conviction of the offense charged.

C. <u>Contested Issues of Fact and Law</u>

1. <u>Contested Issues of Fact</u>:  The contested issues of fact remaining for decision are:

    a. Whether Hardy struck the vehicle with his hand and caused damage to the car.
    b. Whether Kidd and Wesseling observed the contact between Hardy and the automobile.
    c. Whether the Complaint reflects probable cause of an arrestable offense.

2. <u>Contested Issues of Law</u>:

    a. Whether probable cause existed to arrest Hardy.
    b. Whether the officers caused Hardy to be subjected to a malicious prosecution of criminal damaging.

D. <u>Witnesses</u>

1. In the absence of reasonable notice to opposing counsel to the contrary, Plaintiff will call, or will have available at the trial:

3

**Lloyd Hardy**. The Plaintiff will establish all facts and damages he incurred as a result of the officers' conduct.

**Robert Kidd**. The Defendant will testify that he did not believe what occurred was a criminal offense. Kidd will testify that he drafted the Complaint.

**Eric Hall**. Hall will testify that he did not command Kidd and Wesseling to arrest Hardy.

**Lawrence Metzler**. Metzler will testify that he did not believe Hardy should go to jail and that he did not commit a criminal offense.

**Michelle Norman**. Norman will testify she was surprised and disappointed to see Hardy in jail. Norman will testify that she paid Hardy's bond so that he would be released.

2.  In the absence of reasonable notice to opposing counsel the contrary, defendant will call, or will have available at the trial:

**Robert Kidd**. Will testify as to the events occurring on September 20, 2000, relating to the arrest of the Plaintiff.

**Ryan Wesseling**. Will testify as to the events occurring on September 20, 2000, relating to the arrest of the Plaintiff.

**Eric Hall**. Will testify as to his recollection of the events that occurred on September 20, 2000, relating to the arrest of the Plaintiff.

There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

E.  Expert Witnesses

Parties are limited to the following number of expert witnesses whose names have been disclosed to the other side.

Plaintiff:          N/A
Defendant:     N/A

F.  Exhibits

Plaintiff's Exhibits:
- criminal complaint
- bond sheet
- judge's sheet

Defendants' Exhibits:
- Cincinnati Police Division Incident Report and Supplements, Offense No. 10006284 (3 pages)

Joint Exhibits:
- None

G.  Depositions

No testimony will be presented by deposition, other than for impeachment purposes.

H.  Completion of Discovery

Discovery has been completed.

V.  This Order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice.  Such modification may be made by application of counsel or on motion of the Court.

VI.  **JURY INSTRUCTIONS**

Jury Instructions will be submitted as required by the Court.

VII.  **SETTLEMENT EFFORTS**

Plaintiff has aggressively attempted to resolve this matter by settlement since 2001.  Mediation was held on February 23, 2004.  Plaintiff's final offer was $25,000.  The mediator determined the parties were too far apart and ended the mediation.

IT IS SO ORDERED.

Timothy S. Hogan, Magistrate Judge
United States District Court

5

/s/ Fanon A. Rucker
Fanon A. Rucker            (0066880)
Counsel for Plaintiff
Santen & Hughes
312 Walnut Street, Suite 3100
Cincinnati, Ohio  45202


Thomas J. Harris           (0065946)
Nicole D. Quick            (0065224)
Counsel for Defendants
City of Cincinnati
801 Plum Street, Suite 226
Cincinnati, Ohio  45202


/s/ Donald E. Hardin (phone author. 06-11-04
Donald E. Hardin            (0022095)
Counsel for Defendants
Hardin, Lefton, Lazarus & Marks, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio  45202


245909.1